UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDRE MARTINEZ,<br><br>                              Plaintiff,<br><br>              -against-<br><br>ROBERT CUNNINGHAM; LUIS FRANCO;<br>B. CLARK; J. DOE; NEW YORK STATE<br>DEPARTMENT OF CORRECTIONS,<br><br>                              Defendants. | 19-CV-10517 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated in Mid-State Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his rights when he was

incarcerated at Woodbourne Correctional Facility. By order dated March 11, 2020, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Robert Cunningham, the Superintendent of Woodbourne; Luis Franco, the programs supervisor at Woodbourne; B. Clark, a senior postal employee at Woodbourne; a John Doe defendant identified as the supervisor of the Inmate

Grievance Resolution Committee (IGRC); and the New York State Department of Corrections and Community Supervision (DOCCS). Plaintiff seeks monetary damages.

The facts giving rise to Plaintiff's claims are not clearly stated. He uses the Court's prisoner complaint form but refers the Court to several attached statements, letters, grievances, and other documents for the events from which his claims arise. The following facts are taken from the complaint and supporting documents. On June 26, 2015 or August 3, 2015,[2] Plaintiff mailed documents to the "Federal Court of the 10th Circuit,"[3] which that court returned. (ECF No. 2, 36.) But Clark intercepted, opened, and held on to Plaintiff's returned mail for six months, in violation of his federal rights and DOCCS directives, finally giving it to Plaintiff on February 8, 2016. When Plaintiff received the returned documents, they were not in their original court envelope and were missing several papers, including his complaint and the usual court letter explaining why the documents were returned and providing Plaintiff notice on appealing. When he complained about the missing papers, Clarke sent him a letter stating that "[n]o mail was removed from this envelope." (*Id*. at 55-56.) Because Plaintiff's returned documents concerned the misconduct of postal clerks with respect to his mail at Woodbourne and Mount McGregor Correctional Facilities, he believes that Clark mishandled his legal mail "for personal benefits and for the protection against herself and against co-State Clerk employees against Law Suits and or accusations." (*Id*. at 43.)

Plaintiff submitted a grievance about Clark's mishandling of his legal mail, but after an investigation the grievance was denied. He asserts that correction officials improperly favored

_____

[2] Plaintiff's papers provide contradictory dates for when the alleged events occurred. For example, he indicates that papers were mailed to the Tenth Circuit on June 26, 2015, August 3, 2015, and August 11, 2015.

[3] Probably referring to the United States Court of Appeals for the Tenth Circuit.

Clark's false testimony over his. Plaintiff also wrote letters and sent documents about the matter to the United States Solicitor General, but he has not received any responses.[4]

Clark and other postal workers at Woodbourne also mishandled Plaintiff's personal and legal mail on several other occasions. Plaintiff and several of his family members and friends did not receive letters sent to each other in 2012 and 2013. His letters to Mark Brenner, an attorney, and Robert Torres, a state-court administrative judge, were not delivered in 2013 and 2014.

Plaintiff sues Clark for mishandling, losing, and delaying his mail, resulting in the expiration of a statute of limitations and impeding his right to communicate with the outside world. Her misconduct with respect to Plaintiff's mail led to his being referred to the Office of Mental Health for psychiatric counseling to deal with the resulting stress. Plaintiff also sues Cunningham, Franco, DOCCS, and the John Doe supervisor of IGRC for denying his grievance against Clark.

## DISCUSSION

### A.    Untimely Claims

Plaintiff's claims arising from the mishandling of his mail appear to be untimely. The statute of limitations for claims under 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

---

[4] Plaintiff appears to allege that Clark also intercepted and held his mail to the Solicitor General and others for six months. But a close reading of the papers suggests that he was actually describing Clark's actions to each addressee.

Plaintiff brings multiple claims stemming from the alleged mishandling of his legal and personal mail from sometime in 2012 to February 2016. He delivered this complaint to prison officials for mailing to this Court on August 21, 2019, more than three years and six months after the latest alleged event occurred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)*; see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640. The Court therefore grants Plaintiff leave to file an amended complaint that pleads any facts showing that equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.*, N.Y. C.P .L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity).

**B.     Claims against DOCCS**

Even if Plaintiff were able to show that the statute of limitations for his claims should be equitably tolled, his § 1983 claims cannot proceed against the New York State Department of Corrections and Community Supervision (DOCCS). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against DOCCS are therefore barred by the Eleventh Amendment and are dismissed.

**C.     Mail Interference Claims**

Plaintiff's claims regarding his mail arise under the First Amendment. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's assertions concerning his mail implicates both an access-to-courts claim and a general mail tampering claim.

1.      Access-to-Courts Claim

A claim that a prisoner's right of access to the courts has been denied may arise from the frustration or hindrance of "a litigating opportunity yet to be gained." *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Harbury*, 536 U.S. at 415; *Lewis v. Casey,* 518 U.S. 343, 350-53 (1996). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)).

Plaintiff asserts that Clark intercepted and opened his returned legal mail from a federal court, and delayed giving it to him until six months later, causing the expiration of a statute of limitations. Plaintiff's assertion that Clark acted to protect herself and other correction postal clerks from accusations and lawsuits may be read as a claim that Clark mishandled his mail deliberately or maliciously. But although Plaintiff claims that a statute of limitations expired, he does not say what the claim was, the relief he sought, or any other facts concerning his lawsuit that would indicate he had a meritorious legal claim that was affected by Clark's conduct. Plaintiff fails to state a claim for denial of access to the courts.

Because it is not clear that granting leave to amend would be futile, the Court grants Plaintiff leave to amend to clarify his claim that Clark denied him access to the courts by frustrating his ability to comply with a statute of limitations. Should Plaintiff amend his

complaint, he must allege facts showing how Clark's conduct affected his pursuit of a meritorious legal claim. Plaintiff must specify the dates on which the alleged acts occurred and show that his access-to-courts claim is timely or that equitable tolling should apply.

If Plaintiff is also seeking to bring access-to-courts claims with respect to his legal correspondence to other persons, he must also identify the correction employees involved and describe how each person's actions hindered his effort to bring a meritorious legal claim.

2.    Mail Tampering

Plaintiff asserts that Clark and other postal clerks have impeded his right to communicate with the outside world by mishandling and losing his correspondences over a period of years. To state a claim based on mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. But as few as two incidents of mail tampering may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id*. at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege facts suggesting that Clark or others interfered with his mail in a manner that rises to the level of a constitutional violation. His submissions state that postal workers at Woodbourne mishandled some of his correspondence. But Plaintiff fails to allege facts indicating that Clark or others have subjected him to regular and unjustifiable interference with his mail that affected his ability to correspond with those on the outside.

Plaintiff is granted leave to amend his complaint to allege facts that would suggest a viable mail tampering claim. He must name as defendants the individuals involved, describe the

alleged violations, and provide the dates when the alleged acts occurred. Plaintiff must also allege facts showing that his claims are timely or should be equitably tolled.

3.     Retaliation

Plaintiff's assertion that Clark mishandled his mail to protect herself and other correction postal clerks from accusations and lawsuits could also be generously read as a possible retaliation claim under the First Amendment. To state a First Amendment retaliation claim, a prisoner must allege facts showing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (second alteration in original) (quotation marks omitted). In the prison context, adverse action is action "that would deter a similarly situated individual of ordinary firmness from exercising ... constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004). But prisoners' claims of retaliation must be examined with skepticism and particular care because they are "'prone to abuse' since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see Davis*, 320 F.3d at 352.

Here, Plaintiff's allegations do not give rise to an inference that his engagement in protected conduct triggered any retaliatory acts by Clark or any other correction employee against him. He does not allege any facts that would suggest a connection between Clark's alleged mishandling of his mail and his attempts to file a federal court complaint against postal workers at Mount McGregor and Woodbourne, for example, that  Clark had knowledge of his complaint and opened and held on to his returned mail to stop him from proceeding with his lawsuit. Plaintiff fails to state a retaliation claim for relief.

Should Plaintiff file an amended complaint and wish to bring a retaliation claim, he must clearly describe the actions that he characterizes as retaliation and allege facts showing that he

engaged in protected conduct, that Clark or others took adverse action against him, and that there was a causal connection between his conduct and the adverse action.

      4.     Failure to Follow DOCCS Directives

Plaintiff's also asserts that Clark opened his legal mail without his being present and handled his mail contrary to DOCCS Directives. But this assertion does not in and of itself state a federal claim. *See Holcomb v. Lykens,* 337 F.3d 217, 224 (2d Cir. 2013) (holding that state prison directives do not create liberty interests protected by the Due Process Clause); *see also Shakur v. Selsky,* 391 F.3d 106, 119 (2d Cir. 2004) (holding that New York statutes and DOCCS Directives do not create federally protected due process entitlements to specific state-mandated procedures).

**D.    Denial of Grievances**

Plaintiff alleges that Defendants Cunningham, Franco, and the IGRC supervisor improperly denied his grievance against Clark by favoring Clark's false testimony over his. Courts in the Second Circuit have held that "a prisoner has no constitutional right to a prison grievance procedure or to have his grievances investigated." *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases); *see also Ross. v. Westchester Cnty. Jail*, No. 10-CV-3937 (DLC), 2012 WL 86467, at *8 n.9 (S.D.N.Y. Jan. 11, 2012) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). "[I]nmate grievance programs created by state law are not required by the Constitution, and consequently[,] allegations that prison officials violated those procedures [do] not give rise to a cognizable § 1983 claim." *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-2011 (RJS), 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008) (internal quotation marks and citations omitted, second alteration in original). Thus, inmates "do not have a due process right to a thorough investigation of grievances." *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (internal quotation marks and citation omitted); *see also*

*Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("The correction officers' failure to properly address [the plaintiff's] grievances by conducting a thorough investigation to [the plaintiff's] satisfaction does not create a cause of action for denial of due process because [the plaintiff] was not deprived of a protected liberty interest.").

As correction officials do not have a constitutional obligation to provide Plaintiff with grievance procedures or to perform a thorough investigation of his assertions, his claims concerning the grievance process are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to show that his claims are timely or that the three-year statute of limitations should be equitably tolled. He must also detail his access-to-courts and mail tampering claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10517 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

This order will be mailed in chambers.

SO ORDERED.

Dated:    April 13, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                  Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                       Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____