UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE MARTINEZ,

               Plaintiff,

-against-

ROBERT CUNNINGHAM; LUIS FRANCO;
B. CLARK; J. DOE; NEW YORK STATE
DEPARTMENT OF CORRECTIONS,

               Defendants.

19-CV-10517 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated in Mid-State Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants mishandled his legal and personal mail when he was incarcerated at Woodbourne Correctional Facility. On April 13, 2020, the Court granted Plaintiff leave to amend his complaint within sixty days. Plaintiff submitted an amended complaint on May 28, 2020 (ECF No. 9). But on June 5, 2020, the Court received a letter from Plaintiff accompanied with another amended complaint (ECF No. 10). As it appears that Plaintiff intended the new submission to replace the amended complaint, the Court construes it as a second amended complaint. After reviewing the second amended complaint, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

    The Court assumes familiarity with the underlying facts of this case as summarized in the Court's April 13, 2020 order. Plaintiff brought claims against Robert Cunningham, the Superintendent of Woodbourne; Luis Franco, the programs supervisor at Woodbourne; B. Clark, a senior postal employee at Woodbourne; a John Doe defendant identified as the supervisor of the Inmate Grievance Resolution Committee (IGRC); and the New York State Department of

Corrections and Community Supervision (DOCCS). Plaintiff alleged that B. Clark mishandled, lost, and delayed his legal and personal mail, resulting in the expiration of a statute of limitations on a case he attempted to file and impeding his right to communicate with the outside world. Her misconduct with respect to Plaintiff's mail led to his being referred to the Office of Mental Health for psychiatric counseling to deal with the resulting stress. Plaintiff also sued Cunningham, Franco, DOCCS, and the John Doe supervisor of IGRC for denying his grievance against Clark.

In the April 13, 2020 order, the Court first determined that Plaintiff's claims stemming from the mishandling of his mail – which allegedly occurred from sometime in 2012 to February 2016 – were untimely because they were filed outside the three-year statute of limitations for § 1983 claims. But the Court granted Plaintiff leave to file an amended complaint to plead any facts showing that equitable tolling applies.

The Court then examined Plaintiff's mail mishandling assertions against Clark as claims of denial of access to the courts and general mail tampering under the First Amendment. The Court held that Plaintiff failed to state a claim that Clark's conduct denied him access to the courts because, despite his claim that a statute of limitations expired, he did not identify the claim or allege any facts indicating that he had a meritorious legal claim. The Court then considered Plaintiff's remaining claims that Clark impeded his right to communicate with the outside world by mishandling and losing his correspondences over a period of years. The Court found that the assertions did not rise to the level of a constitutional violation because Plaintiff did not allege facts indicating that Clark subjected him to regular and unjustifiable interference with his mail that affected his ability to correspond with those on the outside. The Court also dismissed Plaintiff's claim that Clark opened his legal mail without his being present and

handled his mail contrary to DOCCS Directives as failing to state a federal claim. But the Court granted Plaintiff leave to amend his complaint to allege facts that would suggest viable denial-of-access-to-courts and mail tampering claims against Clark under the First Amendment.

Further, the Court dismissed all of Plaintiff's claims against the remaining defendants, finding that DOCCS enjoyed immunity from suit under the Eleventh Amendment, and that Cunningham, Franco, and the IGRC supervisor had no constitutional obligation to provide him with grievance procedures or to perform a thorough investigation of his assertions against Clark.

In the second amended complaint, Plaintiff essentially reiterates his assertions from the first complaint concerning the mishandling of his mail.[1] He alleges that on August 11, 2015, he mailed a legal packet – including a complaint – to the Solicitor General of the United States concerning the misconduct of postal clerks with his mail at Woodbourne and Mount McGregor Correctional Facilities. Plaintiff asserts that he also mailed similar 84-page packets to an unidentified court and district attorney's office. He claims that Clark intercepted the documents and held on to them for six months before they were returned to him on February 8, 2016.[2] The postal office at Woodbourne returned to Plaintiff a 168-page packet in a different envelope that did not contain the court's stamp and seal and some of the papers were missing, including his complaint. The returned packet also included a note from Clark stating, "No Return name." (ECF No. 10, at 56.) Plaintiff asserts that Clark has "paralyzed [his] legal and personal correspondence

---

[1] Plaintiff attaches to the second amended complaint a motion for leave to proceed IFP on appeal. (ECF No. 10, at 17.) As Plaintiff has not filed a notice of appeal and does not have a pending appeal related to this action, the Court does not address this filing.

[2] Although not entirely clear, Plaintiff's assertions in the initial pleading suggested that Clark held on to mail that a federal court had returned to him. (*See* ECF No. 2, at 36, 55-56.) But Plaintiff now appears to indicate that Clark held on to the documents without mailing them. It is still not clear to the Court whether Clark held on to all the mailed documents or only the packet addressed to the court.

for more than a year." (*Id*. at 58.) He also claims that her misconduct caused him a great deal of stress and led to his being referred to the Office of Mental Health (OMH) for psychiatric counseling.

Plaintiff also reasserts his claims that Clark and other postal workers at Woodbourne mishandled his incoming and outgoing mail on several other occasions. He again claims that several family members and friends did not receive letters sent to each other in 2012 and 2013, and that his letters to Mark Brenner, an attorney, and Robert Torres, a state-court administrative judge, were not delivered in 2013 and 2014.

Plaintiff further attempts to revive his claims against Cunningham, Franco, DOCCS, and the John Doe supervisor of IGRC for denying his grievance against Clark. He again asserts that correction officials improperly favored Clark's false testimony over his. In addition, Plaintiff now claims that Franco "cooperate[d]" in his referral to the Office of Mental Health for psychiatric counseling. (*Id*. at 60.)

Plaintiff now also seeks to bring claims against the Solicitor General. He alleges that in February 2016, he mailed another complaint about the alleged violations to the Solicitor General, but despite writing letters, he has not received any response. He claims that the Solicitor General violated his rights by failing to respond.

Finally, in the letter he submitted with the second amended complaint, Plaintiff asserts that on May 20, 2020, an officer in the law library retained 34 copies of the amended complaint after making copies for Plaintiff. He claims that the officer's actions violated his rights.[3]

---

[3] Plaintiff also submits a copy of a letter he sent to a supervisor at Mid-State Correctional Facility regarding the officer's retention of the copies. In that letter, Plaintiff asserts that the officer's actions constituted an "illegal appropriation." (ECF No. 10, at 2.)

## DISCUSSION

**A.     Untimely Claims**

As the Court explained in its April 13, 2020 order, claims brought under § 1983 are governed by the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). The Court also noted that a § 1983 claims accrues when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2013) (quoting *Pearl*, 296 F.3d at 80).

Similar to his initial pleading, Plaintiff again asserts in the second amended complaint that Clark and others mishandled his legal and personal mail from sometime in 2012 to February 2016. He also claims that Defendants continued to violate his rights until April 4, 2016. It is clear that Plaintiff knew or should have been aware of the alleged violations by Clark February 8, 2016, when the legal packets were returned to him with missing documents, and any other violations by at least his reported date, April 6, 2016. But Plaintiff did not commence this action until August 21, 2019, when he delivered his initial pleading to prison officials for mailing to this Court, more than three years and four months after the latest alleged event occurred.[4]

Because it is plain from the pleadings that Plaintiff's claims are time-barred and he fails to allege any facts suggesting any basis for equitable tolling, dismissal is appropriate. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain

---

[4] Plaintiff repeatedly refers to another case he filed in this Court that was dismissed by Chief Judge Colleen McMahon, *Martinez v. Cunningham*, ECF1:19-CV-10420, 3 (S.D.N.Y. Dec. 16, 2019). But that case, which raised the same claims and was dismissed as a duplicate of this action, was submitted to prison officials on the same date as Plaintiff's initial pleading in this case, August 21, 2019. Thus, it would not have any tolling effect on Plaintiff's claims.

circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds).

**B.      Failure to State a Claim for Relief**

Even if Plaintiff had provided any facts suggesting equitable tolling, he fails to state a claim for relief. Plaintiff reiterates in his second amended complaint the same general assertions that the Court found insufficient to state First Amendment claims of denial of access to the courts and unconstitutional mail tampering. He again complains that Clark intercepted and opened his legal mail and delayed giving it to him until six months later, causing the expiration of a statute of limitations. But Plaintiff fails to allege facts suggesting that Clark's conduct "resulted in actual injury to [him] such as the dismissal of an otherwise meritorious legal claim." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation marks omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Nor do Plaintiff's assertions of several isolated incidents of mail mishandling over a period of years at two different facilities suggest that Clark or others interfered with his mail in a manner that rises to the level of a constitutional violation. He does not allege facts indicating that he was subjected to regular and unjustifiable interference with his mail that affected his ability to correspond with those on the outside facts. *See Davis*, 320 F.3d at 351-52; *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff's attempts to revive his claims against Cunningham, Franco, DOCCS, and the John Doe supervisor of IGRC also fail for the reasons stated in the April 13, 2020 order. As the Court held, these defendants cannot be held liable for denying Plaintiff's grievance against Clark. DOCCS enjoys immunity from suit under the Eleventh Amendment, and Cunningham,

Franco, and the IGRC supervisor had no constitutional obligation to provide Plaintiff with grievance procedures or to perform a thorough investigation of his assertions against Clark.

Further, Plaintiff refers several times to his referral to OMH for psychiatric counseling. It is not clear whether Plaintiff seeks to bring a claim in connection with his referral to OMH and the Court did not consider such a claim in the April 13, 2020 order. But to the extent Plaintiff is asserting such a claim, it must be dismissed. Like all of his other claims, such a claim is untimely. In addition, although prisoners have a significant liberty interest in avoiding the unwanted administration of medical treatment, *see Washington v. Harper*, 494 U.S. 210, 221 (1990); *see also Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990); *Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir. 2006), prison officials may override this right when treatment is "reasonably related to legitimate penological interests," *Harper*, 494 U.S. at 223 (citing *Turner v. Safely*, 482 U.S. 78, 89 (1987)); *see Pabon*, 459 F.3d at 252. Plaintiff alleges no facts suggesting that he was treated without due process, or that Defendants otherwise acted improperly or unlawfully. In fact, he asserts that Defendants' actions caused him "high stress," (ECF No. 10, at 13), and that he was referred to OMH to deal with the undue stress. Any claim Plaintiff is asserting in connection with his referral to OMH is dismissed for failure to state a claim on which relief may be granted.

Finally, it appears that Plaintiff is now seeking to bring claims against the Solicitor General for not responding to his February 2016 submission, and the officer in the law library for retaining 34 copies of the amended complaint. But as neither the Solicitor General nor the officer are named as defendants in this action, the Court declines to address any claims Plaintiff may be asserting against them.

### C. Leave to Amend Denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff another opportunity to amend. The Court dismisses this action as untimely and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### CONCLUSION

The Court construes Plaintiff's June 5, 2020 submission (ECF No. 10) as a second amended complaint and directs the Clerk of Court to label the document on the docket as a second amended complaint.

The Court dismisses this action as untimely and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is instructed to terminate all other pending matters.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 24, 2020
         New York, New York

_____Louis L. Stanton_____
Louis L. Stanton
U.S.D.J.